IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MEDMARC CASUALTY INSURANCE COMPANY | § § | |
|     Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:23-cv-4463 |
| PAYNE & KELLER COMPANY FRENTEX ENTERPRISES COMPANY OF TEXAS | § § § § | |
|     Defendants. | § | |

### PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Medmarc Casualty Insurance Company ("Medmarc") files this Complaint seeking a declaratory judgment that it does not owe Payne & Keller Company or Frentex Enterprises Company of Texas (collectively "Payne & Keller") any benefits under an insurance policy that does not exist. Because there is no other relationship between the two companies, Medmarc also seeks a declaration that it does not owe Payne & Keller any other duties, contractual or otherwise. Medmarc respectfully shows as follows:

### I.   PARTIES

1.  Plaintiff Medmarc Casualty Insurance Company is a Vermont corporation with its principal place of business located at 4795 Meadow Wood Lane, Suite 335 West, Chantilly, Virginia 20151-4255.

2.  Defendant Payne & Keller Company is a defunct Texas domestic corporation that is now known as Frentex Enterprises Company f/k/a Payne & Keller Company.[1] This defendant

---

[1] As addressed in more detail below, a South Carolina court recently issued an order revoking Payne & Keller's termination as a corporate entity. Medmarc does not concede that the South Carolina court had the authority to issue

may be served through its registered agent for service of process. Citation is requested for this Defendant.

3.     Defendant Frentex Enterprises Company f/k/a Payne & Keller Company is a defunct Texas domestic corporation with its headquarters located in Houston, Texas. This defendant may be served through its registered agent for service of process. Citation is requested for this Defendant.

## II.    JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this lawsuit pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 – 2202.

5.     In addition, this Court has jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

## III.    FACTUAL BACKGROUND

**A.**    **Payne & Keller**

6.     In 1982, several related entities merged to form Payne & Keller Company under the laws of the State of Texas. On October 7, 1986, Payne & Keller entered into an asset sale and subsequently changed its name to Frentex Enterprises Company. On October 24, 1986, Frentex Enterprises Company changed its name to Fentex Enterprises Company of Texas. On December 3, 1986, Frentex Enterprises Company of Texas dissolved and liquidated all assets. Neither Payne & Keller, nor Frentex are active corporations. Throughout this Complaint, Payne & Keller Company and Frentex Enterprises of Texas are collectively referred to as "Payne & Keller."

---

such an order, but raises it here as an additional factor showing a justiciable controversy as to the lack of any coverage obligations that Medmarc may owe to Payne & Keller.

7. During its existence, Payne & Keller was a Houston-based contracting and engineering firm hired mainly in heavy construction projects, such as road and highway building, waterworks, electrical power grid distribution systems, and in the construction and maintenance of various manufacturing and processing facilities in the petroleum, chemical and lumber industries, among others. Some of Payne & Keller's work may have included the handling of components with asbestos-containing materials such as gaskets and thermal insulation. As a result, Payne & Keller has been named in numerous lawsuits across the country based on asbestos-related injuries.

**B.   The South Carolina Action**

8. In 2021, several parties filed an asbestos-related suit against Payne & Keller and several other entities as an alleged result of construction activities in South Carolina, Case No. 2021-CP-40-03484; *Lenora Childers, et al v. Davis Mechanical Contractors, Inc.*, *et al*; In the Court of Common Pleas for the Fifth Judicial Circuit of Richland County, South Carolina ("the South Carolina Action.").

9. Because it is a defunct entity, Payne & Keller failed to appear in the South Carolina Action. Although there is no question that Payne & Keller no longer exists under the laws of the State of Texas, the South Carolina court appointed a receiver pursuant to S.C. Code §15-65-10(4). The South Carolina court's August 27, 2021 order granted the receiver "the power and authority [to] fully administer all assets of Payne & Keller" including "the right and obligation to administer any insurance assets of Payne & Keller as well as any claims related to the actions or failure to act of Payne & Keller's insurance carriers."

10. On July 14, 2022, the receiver for Payne & Keller named Medmarc as a third-party defendant in the South Carolina Action. As described in more detail below, Payne & Keller's

claims against Medmarc were based on an endorsement to an insurance policy supposedly issued more than 30 years ago by a different insurer. As a result, Medmarc moved to dismiss the claims against it and to dissolve the receivership.

11.     On July 17, 2023, the South Carolina receiver for Payne & Keller non-suited Medmarc in the South Carolina Action. Nevertheless, the South Carolina receiver for Payne & Keller remains in place and has recently challenged certain actions taken in another asbestos case pending before the Texas Asbestos MDL proceedings in Harris County District Court.[2]

12.     On October 5, 2023, over the objections of several parties, the South Carolina court issued an order pursuant to §11.153 of the Texas Business Organization's Code revoking Payne & Keller's termination as a Texas entity.

13.     At least two other claims against Payne & Keller and Medmarc are pending or are likely to be pending in the near future in South Carolina. Those claims include:

- Case No. 2023-CP-40-01899 *Greer Aubrey Parr, et al v. Beaty Investments, Inc., et al*; In the Court of Common Pleas of Richland, South Carolina.

- Case Number 2023-CP-40-01652; *Larry McLeod v. Air & Liquid Systems. Corp., et al*, In the Court of Common Pleas of Richland, South Carolina.

- Case No. 23-01339; *Peter D. Protopapas as Receiver for Payne & Keller Co. v. American Int'l Group, et al*; In the United States Court of Appeals for the Fourth Circuit.

C.     **The First State Insurance Policy**

14.     Payne & Keller's claims against Medmarc are based on an insurance policy issued by an unrelated entity, First State Insurance Company (Policy No. 922727 issued to Payne & Keller, Inc. in Houston, Texas) ("the First State Policy").

---

[2] Cause No. 2023-36960-ASB; *Daniel D. Williams, et al v. The Dow Chemical Company*; In the District Court of Harris County, Texas, 11th Judicial District.

15. Medmarc and its corporate predecessors have had no corporate or other relationship with First State Insurance Company, although upon information and belief, the two entities have done business with each other in the past.

16. The First State Policy contains an endorsement that states that Item 1 COVERAGE of the Declaration is amended to read:

DEPENDABLE INSURANCE COMPANY # 32000576

and
STONEWALL INSURANCE COMPANY

The endorsement also contains a handwritten note stating "2 copies set 9-1-76."

17. Medmarc owns certain assets and liabilities that at one time may have been owned by Dependable Insurance Company ("Dependable"). Nevertheless, Medmarc contends that any coverage referenced by the endorsement above never existed and was not entered into by Dependable.

**D.     Medmarc's Due Diligence**

18. To confirm this position, Medmarc has conducted a thorough search of the documents available to it that could reveal any communications relevant to the First State Policy. As part of the search, Medmarc sent three of its employees at its own expense to the Data Savers facility in Jacksonville, Florida to conduct a four-day physical search of Medmarc's files, as well as those of Dependable Insurance Company, including records on microfiche. The employees carefully cross-checked all two hundred and thirty-one boxes of Medmarc documents stored at the off-site facility against a master list to ensure that each box was accounted for and that any box potentially containing responsive information was pulled aside and reviewed page-by-page. Medmarc also served written discovery requests on other insurer-defendants in the South Carolina Action but did not identify any documents showing that either it or Dependable had any relation

to the First State Policy. Further, Medmarc also attempted to locate documents maintained by third parties via subpoena but did not receive any relevant documents. All relevant documents revealed during its searches were provided to Payne and Keller.

19. In addition to the searching of files, Medmarc also interviewed several company representatives, including its own former chief financial officer. None of those representatives could identify any information in either company's history that would lead to the conclusion that they were parties to or otherwise related in any way to the First State Policy.

20. Medmarc's searches have ultimately shown that no such policy was ever issued to Payne & Keller. As a result, Medmarc has concluded that neither it nor Dependable have any relation whatsoever to the First State Policy, including the references in the endorsement.

### IV.     CLAIM FOR DECLARATORY RELIEF

21. Medmarc re-alleges and incorporates by reference paragraphs 1 - 20. Based on the foregoing, a justiciable controversy exists between Medmarc and Payne & Keller, particularly with respect to the ongoing litigation in South Carolina. As a result, Medmarc seeks a declaration that: (1) it never issued an insurance policy to Payne & Keller; (2) no insurance policy exists under which Medmarc could owe coverage to Payne & Keller; and (3) that Medmarc owes no coverage obligations to Payne & Keller in the pending South Carolina cases.

22. Medmarc alternatively seeks a declaration that even if it is considered to be a party to the First State Policy it would still not owe coverage because Payne & Keller cannot establish the terms of coverage. Specifically, coverage cannot be created by endorsement or without proving the actual terms of the contract at issue.

23. Medmarc further seeks a declaration that it owes no other coverage obligations to Payne & Keller due to the lack of any relationship between them, contractual or otherwise.

## V.     CONCLUSION

Plaintiff Medmarc Insurance Company requests that this Court enter a declaratory judgment that it does not owe any obligations to Payne & Keller Company or Frentex Enterprises of Texas based on the First State Policy or otherwise. Medmarc also requests any and all such further relief to which it may show itself entitled.

Respectfully submitted:

MARTIN, DISIERE, JEFFERSON & WISDOM, LLP

By: /s/ *Christopher H. Avery*
      Christopher H. Avery
      State Bar No. 24069321
      Federal ID No: 1048490
      E-mail: avery@mdjwlaw.com
      Christopher W. Martin
      State Bar No: 13057620
      Federal ID No: 13515
      E-mail: martin@mdjwlaw.com
808 Travis Street, Suite 1100
Houston, Texas 77002
Telephone: (713) 632-1700
Facsimile: (713) 222-0101

**ATTORNEYS FOR PLAINTIFF MEDMARC CASUALTY INSURANCE COMPANY**